a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NOEL SPRINGER #323616,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01266<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN MYERS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Noel Springer ("Springer"). Springer is imprisoned at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He alleges the violation of his constitutional rights by the warden, assistant warden, and two nurses.

Because additional information is needed to review Springer's Complaint, he must AMEND.

I. Background

Springer alleges that he was provided with "lice shampoo" upon his arrival at RLCC. He asserts that the shampoo contained iodine, to which he is highly allergic. ECF No. 1 at 3. The shampoo caused blisters and discoloration to his head, neck, shoulders, and arms. Springer alleges that he was provided cream to treat the allergic reaction, but that only made it worse. *Id.*

Springer also asserts that Defendants have refused all medical attention and refused to send him to a specialist. *Id.*

1

## II. Law and Analysis

The Eighth Amendment protects individuals convicted of crimes from cruel and unusual punishment. To state a § 1983 claim based on a violation of the Eighth Amendment, a prisoner must show that the Defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That means the official "knows of and disregards an excessive risk to [the prisoner's] health or safety." *Id.* at 837.

To determine whether Springer states a viable and timely claim for relief, he must amend to state:

1. the date on which he was administered the lice shampoo with iodine;

2. whether he and each Defendant was aware of his allergy and that the shampoo contained iodine;

3. the date on which he received topical cream;

4. the dates on which he sought additional treatment after the topical cream was provided, and to whom each request was made;

5. a description of how each named defendant acted with deliberate indifference to his health.

## III. Conclusion

Because additional information is needed to review Springer's Complaint, IT IS ORDERED that he AMEND as instructed within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Scarborough is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, December 15, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3